UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF DEBRA VOGT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-3201 |
| | ) |
| WASHINGTON NATIONAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S NOTICE OF REMOVAL

Comes now Defendant, Washington National Insurance Company ("Washington National), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, and hereby gives notice of its removal of the above-styled matter from the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois ("State Court"), to the United States District Court for the Central District of Illinois, Springfield Division ("Federal Court"). In support of removal, Washington National states as follows:

1. On or about June 22, 2018, Plaintiff, Alicia Vogt, Personal Representative for the Estate of Debra Vogt, commenced a civil action against Washington National in the State Court, under Case No. 2018 L 000123 (the "State Court Action").

2. The Illinois Department of Insurance received service of Plaintiff's Summons on behalf of Washington National on July 13, 2018. *See*, Illinois Department of Insurance correspondence dated July 13, 2018, submitted herewith as <u>Exhibit 1</u>.

3. A copy of Plaintiff's Complaint was not included with the materials Washington National received from the Department of Insurance; however, undersigned counsel subsequently requested and obtained a copy from Plaintiff's counsel.

4. Copies of all process, pleadings and orders served upon Washington National are being filed as required by 28 U.S.C. § 1446 and are attached hereto as Exhibit 2.[1]

5. This Notice of Removal is timely filed under 28 U.S.C. §1446(b). The thirty-day time period began running, at the earliest, on July 13, 2018, when the Illinois Department of Insurance received a copy of the Summons in this matter.

6. Plaintiff's Complaint sets forth an action for damages based upon alleged breach of contract and vexatious refusal (215 ILCS 5/155). Under these causes of action, Plaintiff seeks compensatory damages and attorney's fees in excess of $75,000. *See, ad damnum* clause on pp. 2 and 3 of the State Court Complaint seeking compensatory damages of $100,000.

7. This Court has original jurisdiction based on diversity of citizenship and amount in controversy under 28 U.S.C. §1332, and this action is removable under 28 U.S.C. §1441(a). Venue properly lies in the Federal Court under 28 U.S.C. §1391(b)(2) and 28 U.S.C. §127.

8. This is a civil action between citizens of different states. Upon information and belief, Plaintiff Alicia Vogt, Personal Representative for the Estate of Debra Vogt ("Alicia"), is a resident of Macoupin County, Illinois. Alicia is a citizen of the State of Illinois.

9. The Estate of Debra Vogt, pending in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois as Case No. 2017 P 000627, is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(2).

10. Washington National is an Indiana Insurance Company formed as a corporation, with its principal place of business in Carmel, Indiana. Washington National is therefore a citizen of Indiana. 28 U.S.C. §1332(c)(1). *See, Affidavit of Karl Kindig* submitted herewith as Exhibit 3.

11. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint involves alleged benefits under an Individual Accidental Death and Dismemberment

---

[1] Exhibits are redacted for HIPAA and privacy reasons.

2

Policy [Complaint, ¶4]. Plaintiff alleges that it has sustained compensatory damages in the amount of $100,000, and it seeks an award of attorney fees [Complaint, pp. 2-3].

12. Washington National has provided competent proof as established in Plaintiff's Complaint that Plaintiff is seeking actual damages of at least $100,000, plus additional damages. This establishes beyond dispute that the amount in controversy requirement for federal subject-matter jurisdiction based on diversity of citizenship is met in this case.

13. As required by 28 U.S.C. §1446(d), written Notice of Removal is being given to all adverse parties, and a copy of the Notice is being filed with the State Court.

WHEREFORE, the Defendant, Washington National Insurance Company, by counsel, respectfully request that the State Court Action be removed from the State Court, to the Federal Court, and proceed as an action properly removed thereto.

Dated: August  8 , 2018

Respectfully submitted,

Richard H. Narup, Reg. No. 06180589
DRAKE NARUP & MEAD, P.C.
107 East Allen Street
Springfield, Illinois 62704
Telephone: (217) 528-9776
narup@dnmpc.com

*Attorneys for Defendant,*
*Washington National Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August  8  , 2018, a copy of the foregoing was forwarded via U.S. First-Class Mail to the following:

James W. Ackerman
ACKERMAN LAW OFFICE
2601 South Fifth Street
Springfield, IL 62703

_____
Richard H. Narup